UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Federico and Company LLC d/b/a M&W Suppliers,

                        Plaintiff,

- against -

Zurich General Insurance Malaysia Berhad,

                        Defendant.

**COMPLAINT**

Plaintiff Federico and Company LLC d/b/a M&W Suppliers ("M&W Suppliers"), for its complaint against Zurich General Insurance Malaysia Berhad ("Zurich Malaysia"), states and alleges as follows:

### Introduction

1. This is a maritime insurance coverage dispute that concerns the loss of a large consignment of nitrile gloves ("Insured Cargo") purchased in New York City by Plaintiff Federico and Company LLC d/b/a M&W Suppliers ("M&W Suppliers") from a New York City-based supplied in late 2020 to bolster efforts to combat the outbreak of COVID-19. The Insured Cargo was to be shipped from Port Klang, Malaysia to Long Beach, California via Singapore and Busan, Republic of Korea.

2. As relevant here, Zurich General Insurance Malaysia Berhad ("Zurich Malaysia") agreed to insure the Insured Cargo under London Institute Cargo Clauses (A) on an all-risk basis.

3. However, the Insured Cargo never arrived in the United States. An investigation by United States Customs authorities determined that the Insured Cargo was stolen while in transit.

4. Plaintiff M&W Suppliers promptly notified Zurich Malaysia of the loss. However, despite "investigating" Plaintiff's loss for almost two (2) years, without explanation, Zurich

Malaysia failed to honor its contractual obligations to indemnify M&W Suppliers for the loss of the Insured Cargo and instead ceased communications with M&W Suppliers, requiring Plaintiff M&W Suppliers to bring this suit to compel Zurich Malaysia to honor its contractual obligations.

### The Parties

5. Plaintiff Federico and Company LLC d/b/a M&W Suppliers ("M&W Suppliers") is a limited liability company incorporated under the laws of Nevada with its principal place of business in Nevada.

6. Upon information and belief, Zurich General Insurance Malaysia Berhad is a foreign insurance company incorporated under the laws of Malaysia and with its principal place of business in Kuala Lumpur, Malaysia.

### Venue and Jurisdiction

7. This court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333 because this action concerns the legal obligations of Zurich General Insurance Malaysia Berhad arising out of a purely maritime insurance contract.

8. This court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and because based on the value of the insured cargo alone, *i.e.* $7,786,900[1] the amount-in-controversy exceeds the jurisdictional amount set forth in 28 U.S.C. § 1332(a).

9. This action is properly venued in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events took place in Manhattan and delivery of the insured cargo was intended in part for Manhattan, New York. Venue is further proper in this district because, upon information and belief, Zurich

---

[1] Calculated as follows: $7,786,900 minus the . 5% deductible = $7,747,965

General Insurance Malaysia Berhad maintains a significant business presence in the Southern District via its United States affiliate, Zurich American Insurance Company, which is domiciled in the Southern District of New York.

10. This court has personal jurisdiction over Defendant Zurich General Insurance Malaysia Berhad pursuant to CPLR § 302(a)(1) because Plaintiff M&W Suppliers' claims arise from Defendants' Zurich General Insurance Malaysia Berhad's insurance contracts which insured cargo shipped into New York State.

## Facts Common to All Counts

### *Zurich Malaysia Agrees to Insure the Insured Cargo*

11. In a series of transactions in late 2020 that occurred in Manhattan, Plaintiff M&W Suppliers contracted to purchase in total thirty-two (32) shipping containers of blue "Gloveon Paloma" Nitrile examination gloves ("Insured Cargo") from a Manhattan-based consignee while the gloves were being shipped to said consignee's address in Manhattan.

12. Specifically, in three (3) separate transactions, M&W Suppliers purchased five (5) shipping containers holding nineteen thousand (19,000) cartons, then another twenty-two (22) shipping containers containing eighty-three thousand six hundred (83,600) cartons, and then a further five (5) shipping containers holding nineteen thousand (19,000) cartons, a total of one hundred twenty-one thousand six hundred (121,600) cartons and one million two hundred sixteen thousand (1,216,000) boxes.[2]

13. At all relevant times, Plaintiff M&W Suppliers had an insurable interest in the Insured Cargo.

---

[2] Each container contained thirty-eight thousand (38,000) boxes of gloves packed in three thousand eight hundred (3,800) cartons.

14. Upon information and belief, Zurich Malaysia issued marine cargo insurance contracts ("Zurich Marine Cargo Policies") which insured the Insured Cargo under London Institute Cargo Clauses (A), which "covers all risks of loss of or damage to the subject-matter insured," except as otherwise excluded, as follows:

15. Zurich Malaysia agreed to insure, under marine cargo certificate no. 010457, five (5) containers of nitrile gloves, designated as nos. BEAU5160020, EGHU9220354, EGHU9407828, EMCU9683435, and HMCU9121343, containing in total nineteen thousand (19,000) cartons and one hundred ninety thousand (190,000) boxes of gloves at an agreed value of one million four hundred forty-two thousand and one hundred United States dollars (USD $1,442,100) to be shipped on the *Taurus* from Port Klang, Malaysia to its original destination "CMJ MEDICAL SUPPLY LLC 607, E. 11TH STREET # 12A, NEW YORK, NY 10009 USA."

16. Zurich Malaysia agreed to insure, under marine cargo certificate no. 009993, a further five (5) containers of nitrile gloves, designated as nos. CAIU9839374, HMMU6166323, HMMU6178807, HDMU6708447, and, DFSU6481170 containing in total nineteen thousand (19,000) cartons and one hundred ninety thousand (190,000) boxes of gloves at an agreed value of one million four hundred forty-two thousand and one hundred United States dollars (USD $1,442,100) to be shipped on the *Hyundai Pluto* from Port Klang, Malaysia to its original destination "CMJ MEDICAL SUPPLY LLC 607, E. 11TH STREET # 12A, NEW YORK, NY 10009 USA."

17. Zurich Malaysia agreed to insure, under marine cargo certificate no. 010400, a further five (5) containers of nitrile gloves, designated as nos. EITU1163095, EITU1549283, EITU1789685, TCLU6457604, and, TEMU6403544 containing in total nineteen thousand (19,000) cartons and one hundred ninety thousand (190,000) boxes of gloves at an agreed value

of one million four hundred forty-two thousand and one hundred United States dollars (USD $1,442,100) to be shipped on the *Ever Breed* from Port Klang, Malaysia to its original destination "CMJ MEDICAL SUPPLY LLC 607, E. 11TH STREET # 12A, NEW YORK, NY 10009 USA."

18.    Zurich Malaysia agreed to insure, under marine cargo certificate no. 010141, a further five (5) containers of nitrile gloves, designated as nos. MSDU8097237, FFAU1939233, FFAU1649194, MEDU7636358, and MEDU7578837, containing in total nineteen thousand (19,000) cartons and one hundred ninety thousand (190,000) boxes of gloves at an agreed value of one million four hundred forty-two thousand and one hundred United States dollars (USD $1,442,100) to be shipped on the *MSC Sophie* from Port Klang, Malaysia to its original destination "CMJ MEDICAL SUPPLY LLC 607, E. 11TH STREET # 12A, NEW YORK, NY 10009 USA."

19.    Zurich Malaysia agreed to insure, under marine cargo certificate no. 010215, a further two (2) containers of nitrile gloves, designated as nos. DRYU9341248 and EGHU9794861, containing in total seven thousand six hundred (7,600) cartons and seventy-six thousand (76,000) boxes of gloves at an agreed value of five hundred seventy-six thousand four hundred United States dollars (USD $576,400) to be shipped on the *Ever Bliss* from Port Klang, Malaysia to its original destination "CMJ MEDICAL SUPPLY LLC 607, E. 11TH STREET # 12A, NEW YORK, NY  10009 USA."

20.    Zurich Malaysia agreed to insure, under marine cargo certificate no. 010371, a further five (5) containers of nitrile gloves, designated as nos. WHSU5990767, WHSU5945238, WHSU5988570, WHSU5771753, and TCKU7541121, containing in total nineteen thousand (19,000) cartons and one hundred ninety thousand (190,000) boxes of gloves at an agreed value

of one million four hundred forty-two thousand and one hundred United States dollars (USD $1,442,100) to be shipped on the *Talassa* from Port Klang, Malaysia to its original destination "CMJ TRADERS & FINANCIERS MEDICAL SUPPLY LLC, LONG BEACH USA."

*<u>Without any Explanation, Zurich Malaysia Refuses to Indemnify M&W Suppliers for its Loss</u>*

21. Two (2) of the aforementioned thirty-two (32) containers arrived in Ontario, California containing empty boxes and refuse. The remaining thirty (30) containers arrived empty and were seized by United States Customs authorities as part of their investigation.

22. M&W Suppliers promptly notified Zurich Malaysia of the loss of the Insured Cargo.

23. Zurich Malaysia appointed adjusters to "investigate" the loss of Plaintiff M&W Suppliers' Insured Cargo. However, notwithstanding a purported "investigation" for approximately two (2) years following the loss of the Insured Cargo, Zurich Malaysia failed to indemnify Plaintiff.

24. United States Customs authorities ultimately discovered that the Insured Cargo had been stolen in transit.

25. However, notwithstanding the determination by United States Customs authorities that the Insured Cargo had been stolen, a covered cause of loss for which no exclusion applies, Zurich Malaysia refused to indemnify M&W Suppliers and instead, without explanation, it ceased communications with Plaintiff M&W Suppliers.

## Count I – Breach of Contract (Monetary Damages)

26. Plaintiff M&W Suppliers repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

27.     Plaintiff M&W Suppliers has fully complied with all of the terms and conditions of the Zurich Marine Cargo Policies and has performed all conditions precedent to coverage thereunder or has been excused from such performance.

28.     Plaintiff M&W Suppliers is entitled to coverage and the payment of its insurance claim under the Zurich Marine Cargo Policies.

29.     Zurich Malaysia has improperly refused to pay M&W Suppliers' insurance claim and is in breach of its contractual obligations to indemnify M&W Suppliers.

30.     The Zurich Malaysia has also improperly delayed payment of Plaintiff M&W Supplier's insurance claim in breach of its contractual duty of good faith and fair dealing.

31.     As a direct and proximate result of Zurich Malaysia's breaches, Plaintiff M&W Suppliers has suffered damages in an amount to be determined at trial.

32.     By reason of the foregoing, Zurich Malaysia is liable to Plaintiff M&W Suppliers for the agreed values of the Insured Cargo less the deductible, *i.e.* $7,747,965 as well as Plaintiff's consequential damages caused by Zurich Malaysia's inexcusable delays in paying same.

## Count II– Declaratory Judgment

33.     Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

34.     There is a genuine dispute with respect to whether M&W Suppliers is entitled to coverage in connection with the loss of the Insured Cargo pursuant to the Zurich Marine Cargo Policies' terms.

35.     Therefore, an actual and existing justiciable controversy exists between Plaintiff M&W Suppliers on the one hand and Zurich Malaysia on the other hand as to their respective rights and obligations under the Zurich Marine Cargo Policies' terms.

36. Plaintiff M&W Suppliers seeks a judicial determination pursuant to FED. R. CIV P. 57 to resolve the present controversy.

37. Specifically, Plaintiff M&W Suppliers is entitled to a judicial declaration that Zurich Malaysia is obligated to pay Plaintiff M&W Suppliers under the terms of the Zurich Marine Cargo Policies.

38. Issuing the requested declaration(s) will terminate some or all of the existing controversies between the parties.

### Prayer for Relief

**WHEREFORE**, Plaintiff Federico and Company LLC d/b/a M&W Suppliers demands judgment against Defendant Zurich General Insurance Malaysia Berhad as follows:

i) Awarding compensatory damages (Count I);

ii) A judicial declaration that the Insurers are obligated to indemnify Federico and Company LLC d/b/a M&W Suppliers for the Loss of the Insured Cargo as well as for foreseeable consequential damages occasioned by Zurich Malaysia's inexcusable delays (Count II);

iii) Pre- and postjudgment interest;

iv) Awarding reasonable attorneys' fees;

v) Awarding the costs of these proceedings; and

vi) Such other and further relief as this Court deems just and proper.

Dated:  New York, New York  
        May 25, 2023

Respectfully submitted,

**BELLUCK & FOX, LLP**  
546 Fifth Avenue, 5th Floor  
New York, New York 10036

By: _/s/ Daniel Belzil_  
        Daniel R. Belzil, Esq.

- 9 -

-and-

**LITVAK LAW GROUP, P.C.**
30 Wall Street, 8th Floor
New York, New York 10005

By: _/s/ Uri Litvak_
       Uri Litvak, Esq.

*Attorneys for Plaintiff Federico and Company LLC d/b/a M&W Suppliers*