UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERICO AND COMPANY LLC d/b/a M&W SUPPLIERS, <br><br> Plaintiff, <br><br> -against- <br><br> ZURICH GENERAL INSURANCE MALAYSIA BERHAD, <br><br> Defendant. | 23-cv-4411 (AS) <br><br> ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  Plaintiff Federico and Company LLC d/b/a M&W Suppliers (M&W) moves to compel Defendant Zurich General Insurance Malaysia Berhad (Zurich) to post a bond under New York Insurance Law § 1213(c). Dkt. 28. The Court held a hearing on this motion on December 7, 2023, and expressed its tentative view that a bond would be required. But the Court reserved decision and permitted the parties to submit post-hearing letters, which it has now considered. *See* Dkts. 40, 41. For the following reasons, M&W's motion is DENIED.

  Section 1213(c)(1)(A) provides that "[b]efore any unauthorized foreign or alien insurer files any pleading in any proceeding against it," it shall "deposit with the clerk of the court in which the proceeding is pending, cash or securities or file with such clerk a bond with good and sufficient sureties, . . . in an amount . . . sufficient to secure payment of any final judgment which may be rendered in the proceeding." *Id.* § 1213(c)(1)(A). A court may dispense with this requirement "if the superintendent certifies to it that such insurer maintains within this state funds or securities in trust or otherwise sufficient and available to satisfy any final judgment which may be entered in the proceeding." *Id.* In lieu of complying with this bond requirement, the foreign insurer can also "procure a license to do an insurance business in this state." *Id.* § 1213(c)(1)(B).

  The cases to address § 1213(c) have held that the bond requirement protects only New York residents or corporations authorized to do business in the state. *See Dukes Bridge LLC v. Sec. Life of Denver Ins. Co.*, 2011 WL 2971392, at *3–4 (E.D.N.Y. July 20, 2011); *Quanta Specialty Lines Ins. Co. v. Invs. Cap. Corp.*, 2008 WL 1910503, at *8 (S.D.N.Y. Apr. 30, 2008); *see also Food Fair Stores v. Gen. Excess Ins. Co.*, 21 A.D.2d 684, 684 (2d Dep't 1964) ("In our opinion, section 59-a of the Insurance Law [§ 1213's predecessor] was not intended to protect either persons who were not residents of this State or corporations which were not authorized to do business here when the insurance contracts were executed and the liabilities or losses were incurred.").

Courts have also held that when the insured is not a New York resident or corporation authorized to do business here, an assignment to a New York resident or corporation does not bring the case within § 1213's protections. *See Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 875 F. Supp. 1022, 1026–27 (S.D.N.Y. 1995) (holding that a plaintiff-assignee did "not qualify for protection under this statute" because the assignee "stands in the shoes of its assignor and in the shoes of its predecessor-in-interest, and . . . neither its assignor nor its predecessor-in-interest qualifies for protection under section 1213"); *Am. Centennial Ins. Co. v. Seguros La Republica, S.A.*, 1998 WL 748648, at *4 (S.D.N.Y. Oct. 21, 1998) (finding that *Allstate* "holds that a transfer cannot give rise to an invocation of § 1213" when the assignor did not have such a right).

This Court's role is to predict how the New York Court of Appeals would rule on the scope of § 1213. *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020). Given the unbroken string of authority going back over five decades, and absent a countervailing signal from the Court of Appeals, this Court agrees that § 1213(c)'s bond requirement applies solely when a case concerns insurance issued by a foreign insurer to a New York resident or corporation authorized to do business here, regardless of whether a plaintiff-assignee in a lawsuit happens to be a New York resident or corporation. In response to these authorities, M&W has been unable to locate a single authority requiring a bond in a case like this one.

Here, the insured listed on the insurance certificates is CRY, a Malaysian company that is not authorized to do business in New York. Dkt. 25-1 ¶ 6. While the record is unclear, it appears that the insurance was conveyed through CMJ (a company that is also not authorized to do business in New York) to M&W (who was not authorized to do business in New York until after it filed this motion). *See* Dkt. 25-1 ¶¶ 2–5; Dkt. 33-2. Under the prevailing caselaw, § 1213 does not protect CRY, and so M&W also cannot invoke the protections of the statute.

For the reasons stated above, M&W's motion for a bond is DENIED. The Clerk of Court is directed to terminate the motion at Dkt. 28.

SO ORDERED.

Dated: December 21, 2023
       New York, New York

                                                    ARUN SUBRAMANIAN
                                                    United States District Judge