UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Federico and Company LLC d/b/a M&W Suppliers,<br><br>Plaintiff,<br><br>v.<br><br>Zurich General Insurance Malaysia Berhad,<br><br>Defendant. | Case No. 23-cv-cv-04411 (AS)<br><br>**NOTICE OF MOTION TO STRIKE DEFENDANT ZURICH GENERAL INSURANCE MALAYSIA BERHAD'S SEVENTH AND TWENTY-FIRST AFFIRMATIVE DEFENSES** |

Plaintiff Federico and Company LLC d/b/a M&W Suppliers hereby moves to strike Defendant Zurich General Insurance Malaysia Berhad's Seventh and Twenty-First affirmative defenses, Dkt. No. 44. The grounds and authorities supporting this motion are set forth in the accompanying letter-brief.

.

Dated: New York, New York
January 31, 2024

Respectfully submitted,

**LITVAK LAW GROUP**

 /s/ Uri Litvak
Uri Litvak, Lead Trial Counsel
30 Wall Street, 8th Floor
New York, New York 10005
Tel.: 646.661.4513
ulitvak@litvaklawgroup.com

**BELLUCK & FOX LLP**

 /s/ Daniel Belzil
Daniel R. Belzil
546 Fifth Avenue, 5th Floor
New York, New York 10036

The Court will hold a hearing on this motion on **February 6, 2024 at 1 PM**. The hearing will be held via Microsoft Teams. The parties should dial in by calling **(646) 453-4442** and entering the Phone Conference ID: **296 653 211**, followed by the pound (#) sign.

Defendant should file any response, not to exceed three pages, no later than February 5, 2024 at 5 PM.

SO ORDERED.

*/s/ Arun Subramanian*

Arun Subramanian, U.S.D.J.
Date: February 1, 2024

T: 212.681.1575
F: 212.681.1574
dbelzil@belluckfox.com

*Attorneys for Plaintiff*



**546 Fifth Avenue, New York, New York 10036**
Tel (212) 681-1575 Fax (212) 681-1574
www.belluckfox.com

**By ECF**  January 31, 2024
The Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
(212) 805-0238


Re: *Federico and Company LLC d/b/a M&W Suppliers v. Zurich General Insurance Malaysia Berhad, Case No. 23 Civ. 04411 (AS)*

Dear Judge Subramanian:

Plaintiff Federico and Company LLC d/b/a M&W Suppliers moves to strike two (2) of Defendant Zurich General Insurance Malaysia Berhad's ("Zurich") affirmative defenses under Federal Rules of Civil Procedure ("FRCP") Rules 9(b) and 12(f). Specifically, Plaintiff moves to strike Zurich's "Seventh Affirmative Defense," which states
"The claims asserted in the Complaint are precluded and/or barred, in whole or in part, because coverage under the Policy is *void ab initio* as a result of the Named Insured CRY Respond Sdn Bhd's fraudulent acts, material misrepresentations and/or omissions." *See* Zurich's Answer, Docket Entry ("Dkt") No. 44, annexed hereto as **Exhibit ("Ex.") A**. Likewise, Plaintiff moves to strike Zurich's "Twenty-First Affirmative Defense," which states "Coverage under the Policies is void from inception due to an insured's material misrepresentations and/or failure to disclose and/or concealment of material facts from Zurich Malaysia prior to inception of the Policies. Plaintiff respectfully contends that inasmuch as these two (2) affirmative defenses allege fraud, they fall well short of Rule 9(b)'s heightened pleading requirements.

Initially, Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The purpose of this heightened pleading requirement for fraud is to fairly apprise the other party of the nature of the fraud so that the party can mount a defense, *e.g.*, *Ackerman v. Nat'l Prop. Analysts, Inc.*, 887 F. Supp. 494, 505 (S.D.N.Y. 1992) and also to avoid "set[ting] off on a long and expensive discovery process in the hope of uncovering some sort of wrongdoing or of obtaining a substantial settlement." *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 116 (2d Cir. 1982).

Rule 9(b)'s heightened pleading requirement applies equally when fraud is raised as an affirmative defense and requires inadequately pleaded fraud defenses to be struck. *E.g.*, *Sesto v.*

*Slaine*, 171 F. Supp. 3d 194, 205 (S.D.N.Y. 2016) (citing *Erickson Beamon Ltd. v. CMG Worldwide, Inc*., No. 12–cv–5105, 2014 WL 3950897, at *5 (S.D.N.Y. Aug. 13, 2014).

> Conclusory allegations regarding fraudulent conduct do not suffice, but rather specific fraudulent acts or statements must be alleged. Rule 9(b) is satisfied when the complaint includes:
>
> > (1) precisely what statements were made in what documents or oral representations or what omissions were made,
> >
> > (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making the same),
> >
> > (3) the content of such statements and the manner in which they misled the [victim], and
> >
> > (4) what the defendants "obtained" as a consequence of the fraud.

*Park & Lexington 25th St. Corp. v. Fed. Ins. Co*., No. 93 CIV. 6939 (RLC), 1995 WL 217552, at *1–2 (S.D.N.Y. Apr. 13, 1995) (citations omitted).

> Affirmative defenses of insurance fraud, whether styled as "fraud," "concealment," or "material misrepresentation," are no exception to Rule 9(b)'s pleading requirements and the insurer must specify, at minimum,
>
> > what material facts were concealed or misrepresented and what those misrepresentations were; in what documents or oral representations the misrepresentations or omissions were made; when the statements were made . . . ; who concealed such facts or made such misrepresentations; what fraudulent, dishonest or criminal acts or mysterious disappearances and unexpected shortnesses in inventory occurred; how the misrepresentations or omissions misled the insurer; and what the plaintiff gained as a result of the misinformation.

*Park & Lexington 25th St. Corp*., 1995 WL 217552, at *4; *see generally Sec. Mut. Life Ins. Co. of New York v. Rodriguez*, 65 A.D.3d 1, 11 (1st Dept. 2009) (explaining that allegation of "material misrepresentation" in procuring insurance policy was an averment of fraud).

Yet Zurich's Answer avers none of the foregoing factual information that would permit Plaintiff to understand the nature of its fraud allegations and mount a defense. Rule 9(b), however, does not permit Zurich to lob such serious allegations of fraud in an attempt to avoid paying out a seven million, seven hundred and forty-seven thousand and nine hundred sixty-five dollars ($7,747,965) insurance loss without first being able to articulate the specifics of such fraud or frauds. It should be noted that Zurich was first provided notice of this insurance loss just over three (3) years ago and one would expect Zurich, having had three (3) years to investigate, should have no difficulty in revealing the factual basis, if any, for its fraud allegations. Plaintiff therefore respectfully requests that this Court strike Zurich's Seventh and Twenty-First Affirmative defenses with leave to amend.

We thank the Court for its courtesies.

Respectfully Submitted,

              <u>*/s/ Uri Litvak*             </u>
              Uri Litvak, Lead Trial Counsel
              **Litvak Law Group, PC**
              30 Wall Street, 8th Floor
              New York, New York 10005
              Tel.: (646) 661-4513
              ulitvak@litvaklawgroup.com

              <u>*/s/ Daniel Belzil*            </u>
              Daniel R. Belzil
              **Belluck & Fox, LLP**
              546 Fifth Avenue, 5th Floor
              New York, NY 10036
              Tel.: (212) 681-1575
              dbelzil@belluckfox.com
              *Attorneys for Plaintiff Federico and Company LLC d/b/a M&W Suppliers*